**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**NOVELLA SHAWNTAY WYCOFF**                                                                          **PLAINTIFF**

**V.**                                  **CASE NO. 3:15-CV-00270 JTK**

**CAROLYN W. COLVIN, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**
**ADMINISTRATION**                                                                                       **DEFENDANT**

**ORDER**

**I. Introduction:**

Plaintiff, Novella Shawntay Wycoff, applied for disability benefits on February 24, 2012, alleging a disability onset date of February 6, 2012. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 21). The Appeals Council denied her request for review. (Tr. at 1) The ALJ's decision now stands as the final decision of the Commissioner, and Wycoff has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

**II. The Commissioner's Decision:**

The ALJ found that Wycoff had not engaged in substantial gainful activity since the onset date of February 6, 2012. (Tr. at 13). The ALJ found at Step Two that Wycoff had the following severe impairments: scoliosis of the thoracolumbar spine, major depressive disorder, and hypothyroidism. *Id*. At Step Three, the ALJ determined that Wycoff's impairments did not meet or equal a listed impairment. (Tr. at 14). Before proceeding to Step Four, the ALJ determined that Wycoff had the residual functional capacity ("RFC") to perform sedentary work except for the

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

following limitations: 1) stand and walk not more than 2 hours in a 8-hour workday; 2) no climbing of ladders, ropes, or scaffolds; 3) no more than occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; 4) no unprotected heights or hazards in the workplace; 5) interpersonal contact is incidental to the work performed, complexity of 1 to 2 step tasks is learned and performed by rote, with few variables and little judgment, and the supervision required is simple, direct, and concrete; and 6) work must be limited to Specific Vocational Preparation ("SVP") 1 or 2 jobs that can be learned within 30 days. (Tr. at 15). Next, the ALJ found that Wycoff is not capable of performing past relevant work. (Tr. at 19). Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Wycoff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 20). Consequently, the ALJ found that Wycoff was not disabled. Id.

**III. Discussion:**

    A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.  Wycoff's Arguments on Appeal

Wycoff argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ erred in his RFC assessment by holding that her shoulder pain did not impose significant limitations on her ability to work.  She also asserts that the ALJ did not give the proper amount of weight to the opinion of Dr. Roy Watson, M.D., the consultative examiner.    The medical evidence simply does not support Wycoff's complaints of disabling pain related to her shoulder, and the opinions of the medical providers were given the proper amount of weight.

Wycoff presented to Metcalfe Family Physicians on February 20, 2012 complaining of mid-back pain and pain in her left shoulder.  (Tr. at 293).   She had full range of motion and normal grip strength, and the doctor did not diagnose a shoulder problem.  *Id*.

On April 28, 2012, Wycoff was examined by state physician Dr. Roy Watson, M.D.  (Tr. at 300).   Her chief complaint was scoliosis, and notably, she did not mention shoulder pain.  He opined that she could walk half a mile, sit and stand for 5 to 10 minutes, pick up and carry 10 pounds, and manipulate small objects with her hands. (Tr. at 301).   These restrictions are the most limiting in the record.  Dr. Watson's restrictions are not supported by his clinical exam, in which he found normal grip strength, no range of motion deficits, normal posture and gait.  *Id*.  He also noted she could get up and down from the exam table with no problem.  (Tr. at 300).  An ALJ may discount or disregard the opinion of a examining physician when other medical assessments are supported by better or more thorough medical evidence, or where a physician renders inconsistent opinions that undermine the credibility of the opinions.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).

3

On August 15, 2012, Wycoff saw Stephanie Whitlock, A.R.N.P., and did not complain of shoulder pain. She did complain of back pain. (Tr. at 335). Ms. Whitlock found normal range of motion and no motor or sensory deficits. (Tr. at 336). Wycoff was discharged in good condition. *Id.*

On August 27, 2012, Dr. Carlos Hernandez, M.D., a state-agency physician, reviewed the records and concluded that Dr. Watson's restrictive RFC assessment was not supported by medical evidence. (Tr. at 85). He confirmed a prior evaluation that Wycoff could perform medium work. *Id.*

At visits to Paragould Doctors' Clinic on November 12, 2013 and December 31, 2013, Wycoff did not complain of shoulder pain. (Tr. 384-386). At the November 12 visit, she stated she was feeling well with no problems.

The only record of shoulder pain in 2014 was a visit to Dr. Dwight Williams, M.D. (Tr. at 383). He found a deformity in her right scapula due to rotational scoliosis. He noted that she declined to have surgery. *Id.* A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005)

A CT of the lumbar spine on July 3, 2014 did show scoliosis, but without spondylolisthesis, spinal stenosis, or disc herniation. (Tr. at 397).

It is clear that Wycoff has scoliosis and has functional restrictions as a result. The ALJ properly evaluated the record as a whole, weighing the evidence of all providers, and added appropriate restrictions to the RFC to accommodate Wycoff's back pain. However, the alleged shoulder impairment is not supported by clinical observations as a whole, or by any objective

4

imaging. As pointed out above, the significant restrictions placed on Wycoff by Dr. Watson are not consistent with the balance of medical evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000)("It is well established that an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record.")

Moreover, Wycoff indicated she could cook, do laundry and household chores, occasionally shop, and mow one acre of yard on a riding mower. (Tr. at 16). Such daily activities undermine her claims of disability. See *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The medical record, taken with Wycoff's decision not to undergo surgery and her admitted daily activities, indicates ample support for the ALJ's decision. The finding that Wycoff was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 16th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE